J-A29027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOAN M. BRESNEHAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK W. BARNHART | |
| Appellant | No. 415 WDA 2016 |

Appeal from the Judgment Entered April 20, 2016
In the Court of Common Pleas of Butler County
Civil Division at No(s): A.D. NO. 15-10022

BEFORE:  DUBOW, J., MOULTON, J., and MUSMANNO, J.

MEMORANDUM BY MOULTON, J.:          **FILED FEBRUARY 02, 2017**

Mark W. Barnhart appeals from the April 20, 2016 judgment entered in favor of Joan M. Bresnehan in the Butler County Court of Common Pleas following a non-jury trial.[1]  We affirm.

The trial court summarized the facts of this case as follows:

> This case arises from [Bresnehan's] claim for ownership of a certain parcel of property by virtue of adverse

---

[1] Barnhart prematurely filed his appeal from the March 3, 2016 order denying his post-trial motions, "which is generally interlocutory and not appealable unless reduced to judgment." **Coughlin v. Massaquoi**, 138 A.3d 638, 642 n.4 (Pa.Super.), *app. granted*, 144 A.3d 925 (Pa. 2016).  The trial court, however, subsequently entered judgment on April 20, 2016. Thus, we will consider Barnhart's appeal as filed after the entry of judgment and have amended the caption accordingly.  **See id.**; **see also Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 513 (Pa.Super. 1995) (*en banc*) (stating that "jurisdiction in [the] appellate courts may be perfected after an appeal notice has been filed upon the docketing of a final judgment").

possession for a period of over twenty-one years. The evidence presented at trial indicated that, in 1953, [Bresnehan] and her now late husband purchased a parcel of property that abutted a public road. The public road was abandoned in 1955, and [Bresnehan] and her family thereafter utilized the entire width of the portion of the abandoned road, where it abutted their record property line, for their own personal uses. [Bresnehan] and her family also utilized the grassy area and wooded area on the opposite side of the public road, in various ways, since the road was abandoned. In 2014, [Barnhart] purchased an adjoining tract of land, which included the grassy area, wooded area, and one-half of the abandoned road. After purchasing said property, [Barnhart] precluded [Bresnehan] from using these areas, by placing stakes in the middle of the abandoned road that [Bresnehan] used as her driveway and by piling debris in the grassy and wooded areas. [Bresnehan] filed a claim for adverse possession of said property.

Trial Ct. 1925(a) Op., 4/18/16, at 1-2.[2]

After a two-day, non-jury trial, the trial court entered a verdict in favor of Bresnehan, concluding that she had established title by adverse possession of the entire width of the abandoned road as well as the adjacent grassy and wooded areas. Barnhart timely filed post-sentence motions, which the trial court denied on March 3, 2016. On March 22, 2016, Barnhart appealed to this Court.[3]

_____

[2] We also adopt and incorporate herein the trial court's more detailed factual findings in its January 6, 2016 opinion. *See* Findings of Fact, Discussion, Conclusions of Law and Decision, 1/6/16, at 1-7 ("Trial Ct. Op.").

[3] Our standard of review on appeal from a non-jury verdict is limited to determining whether the trial court's factual findings are supported by competent evidence and whether the trial court committed an error of law. *Stephan v. Waldron Elec. Heating and Cooling LLC*, 100 A.3d 660, 664-65 (Pa.Super. 2014).

On appeal, Barnhart raises the following issues:

1. Whether the Trial Court's decision that [Bresnehan] established each element of adverse possession was supported by competent evidence.

2. Whether [Bresnehan's] admission that she did not own the disputed property precluded her from prevailing on her claim for adverse possession[.]

3. Whether the Trial Court erred when it found in favor of [Bresnehan] and against [Barnhart] despite the fact that [Bresnehan] failed to accurately describe the property that she was claiming to own and the Trial Court scheduled a view for the purpose of taking additional evidence after the parties had rested.

4. Whether the Trial Court's decision was supported by the evidence when the evidence showed that parts of the disputed area [were] overgrown with weeds and brush. Further, there [were] voluminous amounts of trash and debris scattered on the property as if one used it as a dumping area, all contradicting [Bresnehan's] claims of ownership by adverse possession.

5. Whether the Trial Court erred as a matter of law when [it] found that [Bresnehan] owned the disputed area by adverse possession despite the fact that [Bresnehan], and her son, repeatedly admitted that they did not believe that she owned the disputed parcel.

Barnhart's Br. at 7-8 (suggested answers omitted).[4]

_____

[4] In the argument section of his brief, Barnhart does not separately address each issue enumerated in his statement of questions involved. Rather, Barnhart divides his argument section into two main issues: (1) whether the trial court erred in concluding that Bresnehan proved the elements of adverse possession; and (2) whether the trial court abused its discretion in re-opening the record and taking additional evidence after trial. *See* Barnhart's Br. at 16-30. Barnhart's discussion of questions 1, 2, 4, and 5 above are subsumed within the first section of his argument.

To establish title by adverse possession, the claimant "must prove actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land for twenty-one years. Each of these elements must exist; otherwise, the possession will not confer title." ***Johnson v. Tele-Media Co. of McKean Cty.***, 90 A.3d 736, 740-41 (Pa.Super. 2014) (internal citations omitted). The claimant has the burden of proving adverse possession "by credible, clear[,] and definitive proof." ***Id.*** at 741.

First, Barnhart asserts that the trial court erred in concluding that Bresnehan proved the elements of adverse possession by clear and convincing evidence. In support of this claim, Barnhart contends that Bresnehan and her son admitted at trial that Bresnehan did not own the disputed property and that those admissions were sufficient to defeat adverse possession. The trial court properly rejected this claim. The evidence established, and the trial court found, that Bresnehan knew she was not the **record owner** of the disputed property, but, despite that knowledge, she and her family continuously treated the property as their own for more than 21 years. ***See*** Trial Ct. Op., 1/6/16, at 6, 8-10; N.T., 12/14/15, at 209.

With respect to Barnhart's remaining adverse possession arguments, the trial court cogently addressed them in its January 6, 2016 opinion. ***See*** Trial Ct. Op., 1/6/16, at 7-15. We agree with and adopt the trial court's reasoning. Therefore, we conclude that the record supports the trial court's

determination that Bresnehan established title to the disputed property by adverse possession.

Next, Barnhart asserts that the trial court abused its discretion in re-opening the record and personally viewing the disputed property after trial. In its March 3, 2016 order denying post-sentence motions, the trial court explained its reason for the supplemental property viewing as follows:

> [T]he only purpose of the Court's revisiting the property with the surveyor present was to place a stake demarcation at the point that had been identified during the trial as the northern most point of the dog pen area. It was this Court's purpose and intention to provide a comprehensive opinion with a survey that accurately located the lines that the Court found were encompassed within the adverse possession ruling. The purpose of the surveyor placing the survey line at the northern most point of the [dog] pen area was to provide for a specific metes-and-bounds description to avoid any further conflict between the parties going forward . . . . The record was not re-opened in order to identify the property adversely possessed . . . . It was merely to provide a metes-and-bounds description of that line.

Trial Ct. Order, 3/3/16, at 1-2.[5]  We find no abuse of discretion.

Judgment affirmed.

_____

[5] The trial court viewed the property on January 20, 2016.  **See** Trial Ct. Supp. Decision, 2/2/16, ¶ 1.  Before that viewing, the trial court notified the parties that it intended to conduct "a further view of the property for purposes of establishing the northern most point within the wooded area where the dog pens and rabbit cages were located" and scheduled a pre-viewing conference for January 19, 2016.  Trial Ct. Op., 1/6/16, at 14.  Barnhart claims that he objected to the trial court's supplemental property viewing; however, he cites no place in the record where such an objection was raised.  In any event, we conclude that the trial court provided sufficient notice of its intent to view the property and adequately explained its reason for doing so.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/2/2017</u>